**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HARRY POST, | DOCKET NUMBER |
| Appellant, | PH-3443-14-0011-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: September 23, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Harry Post, Seabrook, New Hampshire, pro se.

Penny C. Colomb, and Scott W. Flood, Esquire, Portsmouth, New
    Hampshire, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was appointed to the position of Welder Helper in January 2011. Initial Appeal File (IAF), Tab 28 at 4. In July 2011, he was indefinitely suspended based on the suspension of his security clearance. The security clearance was required for retention of his job. *Id*. at 13-21. In March 2012, the appellant's security clearance was reinstated with the condition that he refrain from certain further misconduct. *Id*. at 22. After returning to work, the appellant was reprimanded in April 2013, and May 2013. *Id*. at 23-25. In May 2013, the Department of Defense Consolidated Adjudications Facility notified the appellant of its intent to revoke his security clearance. *Id*. at 29-30. The appellant was suspended for 2 days in June 2013. *Id*. at 28. The appellant resigned effective June 28, 2013. IAF, Tab 7 at 7-8. He indicated at that time that he had been subjected to "the worst kind of intimidation and harassment since April 10, 2013." *Id*. at 8.

¶3 The appellant filed a Board appeal in September 2013, alleging that the agency had failed to reinstate him to his position. IAF, Tab 1 at 5. He also

argued that he was harassed, intimidated, and coerced into resigning. *Id*. The agency responded that the appellant was not subjected to duress or coercion, nor was he provided any misleading or deceptive information. IAF, Tab 4 at 4, Tab 28 at 11. The appellant countered that a detective told him that it was in his best interest to resign and that the structural shop superintendent used "inaccuracies and outright lies" to initiate revocation of his security clearance. IAF, Tab 8 at 3. The appellant also argued that the agency did not provide him enough training pursuant to its apprentice program, required him to perform work in violation of medical orders, and disproportionately disciplined him. IAF, Tab 12 at 3.

¶4        In the initial decision, the administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency either coerced him into resigning or that his working conditions were so intolerable that a reasonable person would have felt compelled to resign. IAF, Tab 55, Initial Decision at 11. On petition for review, the appellant reasserted that his resignation was involuntary and presented arguments concerning the administrative judge's discovery orders.[2] Petition for Review (PFR) File, Tabs 1, 6. He also asserted a conflict of interest as to the agency attorney.[3] *Id.* The agency responded in opposition. PFR File, Tabs 3-4.

---

[2] The appellant has not shown that the administrative judge abused his discretion in failing to grant discovery requests subsequent to an initial order to compel. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014). The appellant challenged the administrative judge's discovery rulings and renewed arguments of prejudice because the agency failed to provide him with his personnel file and instead directed him to another source to obtain the file. PFR File, Tab 1 at 3. These arguments, however, do not, demonstrate an abuse of discretion.

[3] Although the appellant asserted that he had a long conversation with the agency attorney prior to his resignation, he admitted that the agency attorney informed him at that time that he represented the agency. IAF, Tab 11 at 3; PFR File, Tab 1 at 3. The administrative judge found that there was no conflict because the agency attorney was performing his duties and did not represent the appellant. IAF, Tab 36. We agree because the record does not reflect that the appellant reasonably alleged that the agency attorney had served in any representative or confidential capacity. *See*

¶5 The appellant has challenged the basis for the disciplinary actions taken against him and the initiation of proceedings to revoke his security clearance. IAF, Tab 8 at 3. The record also includes the appellant's complaint that his qualifications for welding were suspended upon his return to work in April 2013, his disagreement with job assignments upon suspension of his qualifications and subsequent to a workplace injury, as well as his statement that he was not getting enough experience as an apprentice. IAF, Tab 12 at 3, 20. The appellant alleges that in June 2013, in the context of an investigation against him, a detective told him that it would be in his best interest to resign before he found himself in "more trouble." IAF, Tab 8 at 3.

¶6 Generally, the Board lacks the authority to review an employee's decision to resign or retire because these actions are presumed to be voluntary. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011), *cert denied*, 133 S. Ct. 414 (2012). The Board will find that a resignation was involuntary, however, when it is the result of the agency's coercion or duress or when the agency made misleading statements upon which the employee relied to his detriment. *Murray v. U.S. Postal Service*, 68 M.S.P.R. 177, 179 (1995). The fact that an employee is faced with either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of his resignation. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008). However, if the appellant can show that an agency knew that it would not prevail on a proposed adverse action, the proposed action is coercive and the resulting resignation is involuntary. *Id.*

¶7 Considering all of the appellant's arguments, we agree with the administrative judge that the appellant has not made nonfrivolous allegations that his resignation was the result of coercion, duress, or misinformation. First, we

*generally Jones v. Small Business Administration*, 121 M.S.P.R. 1, ¶ 17 (2014) (applying the California Rules of Professional Conduct to determine that the appellant did not reasonably believe that the agency attorney represented her).

find that the agency did not coerce the appellant into resigning. To the contrary, according to a report from a union steward that the appellant submitted, the appellant had previously expressed that he was resigning in April 2013, but returned to work after he was asked by an agency human resources employee to return. *See* IAF, Tab 12 at 6, 20. The appellant also challenged the veracity of the information that served as the basis for initiating the revocation of his security clearance which would have led to his ineligibility to retain his position. However, he never alleged facts that would have demonstrated coercion such as that the agency knew that it would be unable to sustain any of the adverse actions it took or would have taken against him. We therefore agree with the administrative judge that the agency's actions were not coercive.[4] *See Baldwin*, 109 M.S.P.R. 392, ¶ 12. Additionally, although the appellant has clearly alleged his dissatisfaction with his work environment, and particularly with the fact that discipline was imposed upon him, he has not made nonfrivolous allegations that his working environment was so intolerable that he resigned under duress. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign.). Finally, although the appellant stated that he spoke with the agency attorney prior to his resignation and that the detective told him that it was in his best interest to resign, the appellant did not allege that his resignation was the result of specific misinformation provided by the agency. *See Murray*, 68 M.S.P.R. at 179. Accordingly, we find that the appellant has not nonfrivolously alleged that his resignation was involuntary.

---

[4] In an appeal of an adverse action based upon the denial or revocation of a security clearance, the Board may review, inter alia, whether the position required a security clearance, whether the clearance was denied or revoked, and whether the agency complied with certain procedural requirements, but the Board may not review the merits of the clearance determination itself. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶¶ 14-15 (2014).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.